

**ORDERED in the Southern District of Florida on April 07, 2010.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 09-16188-BKC-AJC |
| ANDREA SHAYE MORGAN, | Chapter 7 |
| Debtor, | |
| KIMBERLY CAMDEN and LORI CAMDEN, | |
| Plaintiffs, | Adv. Pro. No.: 09-02551-BKC-AJC |
| vs. | |
| ANDREA SHAYE MORGAN, | |
| Defendant. | |

<u>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**</u>

**THIS MATTER** came before the Court for Hearing on March 23, 2010 at 2:30 p.m., for

consideration by the Court of the Defendant's *Motion to Dismiss Adversary Proceeding* [C.P. 10]

(the "Motion to Dismiss). The Court, having heard arguments of counsel and the Defendant and

1

having reviewed the Motion to Dismiss and all other papers filed in this cause, enters this order denying Defendant's motion.

## PROCEDURAL BACKGROUND

A. **Jurisdiction and Venue.**    The Court has jurisdiction over the matters raised in the Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. **Core Proceeding.**    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## FACTUAL SUMMARY

Andrea Shaye Morgan ("Defendant" or "Morgan") is the Debtor in the above-styled bankruptcy case pursuant to the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on or about April 4, 2009. The Bankruptcy Schedules originally filed by the Defendant failed to list as creditors of her estate Kimberly Camden and Lori Camden ("Plaintiffs" or the "Camdens").

On November 16, 2009, Plaintiffs filed a *Motion for Relief from the Automatic Stay and/or For Declaration that Debt is Not Dischargeable* [C.P. 78) (the "Motion"). This Motion alleged, *inter alia*, that the Plaintiffs had, as tenants in a lease with the Defendant-landlord, given to Defendant a security deposit in the amount of $2,000.00. Upon vacating the apartment, the Motion alleged that the Defendant had refused to return said deposit to the Plaintiffs. On November 23, 2009, the Court entered an Order denying the Motion without prejudice as the Federal Rules of Bankruptcy Procedure do not permit the issue of dischargeability of a debt to be considered by way of motion. [C.P. 83) (the "Order"). To the extent the Plaintiffs' Motion requested that the debt be

2

determined to be nondischargeable, the Court overruled the objection without prejudice to Plaintiffs requesting the same or similar relief in the form of an adversary proceeding, as required by Fed. R. Bankr. P. 7001 and 7003. Following this Order, on December 31, 2009, the Plaintiffs filed the above-styled Adversary Proceeding against the Defendant seeking: (i) a determination that the debt owed to Plaintiffs from Defendant was nondischargeable under 11 U.S.C. § 523(a)(4) for defalcation of a debt held in fiduciary capacity and (ii) to prevent the Defendant from being granted a discharge under 11 U.S.C. § 727(a)(2) and (4) for intent to hinder or defraud creditors and knowingly making false oaths or accounts.

On February 2, 2010, Defendant filed a Motion to Enlarge Time to Respond to Complaint to February 26, 2010 [C.P. 7], which motion was met with no objection from Plaintiffs. On February 26, 2010, Defendant filed the Motion to Dismiss for (1) failure to timely bring a cause of action; (2) failure to state a cause of action; and (3) failure to plead intentional fraud with particularity.

## DISCUSSION

Addressing first the issue of whether the Complaint failed to state a cause of action, Fed. R. Civ. P. 12(b)(6) provides as a ground for dismissal, the failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court must accept the Plaintiff's factual allegations as true. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To warrant dismissal, it must be clear that the plaintiff can prove no set of facts to support the claims alleged in the complaint. *Id.* A complaint must do more then set forth mere conclusory allegations and unwarranted factual deductions, however, and where a document appended to a complaint reveals facts which foreclose recovery as a matter of law, dismissal may be appropriate. *See In re America Capital Corp.*, 2010 WL 670582 (Bankr. S.D.Fla. Feb.17, 2010).

3

In the instant case, Plaintiffs' Complaint (and subsequent Amended Complaint) alleged that Defendant had taken a security deposit for the Plaintiffs tenancy, pursuant to Florida's Landlord-Tenant Statute, Fla. Stat. §§ 83.48 and the Lease Agreement executed between the parties and attached to the Complaint. The Lease Agreement, signed by both Plaintiffs and Defendant, provides for a monthly rental of $2,000.00 and requires a security deposit to be given to Defendant. The Complaint alleges that the security deposit is held by a landlord in a fiduciary capacity. Thus, the debt would be excepted from discharge under 11 U.S.C. § 523(a)(4), which provides that an individual debtor will not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

Florida law provides specific requirements for the collecting, and holding, of security deposits, including requiring, *inter alia*, that the security deposit be held in a segregated account from other funds. The segregation of funds, management by financial intermediaries and the recognition that the entity which controls or holds the deposit holds merely bare legal title are all hallmarks of a trust. *In re McGee*, 353 F.3d 537, 540-541 (7th Cir. 2003)(ordinance requiring landlords to invest security deposits in segregated, interest-bearing accounts created a fiduciary relationship between the landlord-debtor and the tenants, and debtor's improper use of those funds amounted to a defalcation within the meaning of the discharge exception). The Court believes these allegations in the Complaint are sufficient to properly state a claim upon which relief may be granted.

Defendant's Motion to Dismiss also challenged the Complaint as untimely for failing to file a complaint objecting to discharge or to determine dischargeability of a debt prior to the expiration of the deadline to do so. The deadline to file such a complaint in the Defendant's bankruptcy case

was July 13, 2009.  However, where a debt has been neither listed nor scheduled under 11 U.S.C. § 521 in time to permit a timely request for dischargeability, a discharge under 11 U.S.C. § 727 will not discharge that debt, unless the creditor had notice or actual knowledge of the bankruptcy filing in time for such a timely request.  11 U.S.C. § 523(a)(3).

Plaintiffs filed an Amended Complaint on March 10, 2010 to add a count under 11 U.S.C. § 523(a)(3).  A party may amend a pleading as a matter of course where, if the pleading was one to which a responsive pleading was required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f).  Fed. R. Civ. P. 15(a)(1)(B).  Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings pursuant to Bankruptcy Rule 7015.  As the Amended Complaint was filed within 21 days of service of Defendant's Motion to Dismiss, Plaintiffs were entitled to amend their adversary case.  Filed with the Amended Complaint was an Affidavit executed by the Plaintiffs' counsel in the Monroe County Court litigation, which attested that said counsel had neither notice nor actual knowledge of the Defendant's bankruptcy case and, as a result, was unable to seek timely redress in the bankruptcy case.  Accepting Plaintiffs' claim that they had no notice or actual knowledge of the Debtor's bankruptcy case as true, as the Court must in considering a motion to dismiss, it is clear that Plaintiffs have stated a claim upon which relief may be granted.  Furthermore, Plaintiffs' Complaint will not be untimely if they are able to prove that they did not have notice or actual knowledge, as contemplated by 11 U.S.C. § 523(a)(3).

Finally, Defendant states that the Complaint must be dismissed for failure to plead fraud with particularity under Fed. R. Civ. P. 9(b), which is made applicable in adversary proceedings by virtue of Fed. R. Bankr. P. 7009.  When alleging fraud or mistake, Fed. R. Civ. P. 9(b) requires a party to

state with particularity the circumstances constituting fraud or mistake.  However, conditions of a

person's mind, such as malice, intent and knowledge, may be alleged generally.  Fed. R. Civ. P. 9(b).

Plaintiff's Complaint alleges that Defendant had intent to hinder or defraud creditors and knowingly

made false oaths or accounts and, as a result, the Defendant should be prevented from receiving a

discharge under 11 U.S.C. § 727.  Plaintiffs allege that Defendant knowingly omitted Plaintiffs'

claim from her schedules and purposefully stated that she held no property for another, despite

actively defending the Monroe County Court litigation.  As the question of whether Defendant had

the requisite "intent" is a question of her state of mind, the Court finds that the Complaint meets its

burden under Fed. R. Civ. P. 9(b).  Accordingly, for the reasons stated above, it is

**ORDERED AND ADJUDGED** that:

1.      The Motion to Dismiss is **DENIED**;

2.      Defendant, Andrea Shaye Morgan, shall have ten (10) days from the date of entry of

this Order to answer the allegations set forth in the Amended Complaint;

3.      The Pretrial Conference shall be rescheduled for May 17, 2010 at 10:00 a.m.;

4.      The Court reserves jurisdiction to interpret and enforce the terms of this Order.

###

Submitted by:

Brian P. Yates, Esq.
Sapurstein & Bloch, P.A.
9700 South Dixie Highway, Suite 1000
Miami, Florida 33156
(305) 670-9500

(Attorney Yates is directed to serve a copy of this order on all interested parties and file a certificate of service).