

**ORDERED in the Southern District of Florida on June 17, 2010.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 09-16188-BKC-AJC |
| ANDREA SHAYE MORGAN, | Chapter 7 |
| Debtor, | |
| KIMBERLY CAMDEN and LORI CAMDEN, | |
| Plaintiffs, | Adv. Pro. No.: 09-02551-BKC-AJC |
| vs. | |
| ANDREA SHAYE MORGAN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO
VACATE DEFAULT AND DEFAULT FINAL JUDGMENT**

**THIS MATTER** came before the Court for Hearing on May 25, 2010 at 11:00 a.m., for

consideration by the Court of the Defendant's *Motion to Vacate Default* [C.P. 42] (the "Motion to

Vacate"). Having heard the proffers, representations and arguments of counsel for the Plaintiffs and

1

of the Defendant *pro se*, and having reviewed the Motion and all post-hearing submissions of the parties, the Court enters the following order.

## BACKGROUND:

A.   **Jurisdiction and Venue.**   The Court has jurisdiction over the matters raised in the Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   **Core Proceeding.**   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

## FACTUAL SUMMARY

The relevant and material facts are undisputed.  Andrea Shaye Morgan ("Defendant" or "Morgan") is the Debtor in the above-styled bankruptcy case pursuant to the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on or about April 4, 2009.  The Bankruptcy Schedules originally filed by the Defendant did not list as creditors of her estate Kimberly Camden and Lori Camden ("Plaintiffs" or the "Camdens").

The Plaintiffs filed the instant adversary proceeding on December 29, 2009 seeking a determination that certain debts owed by the Defendant to Plaintiffs were nondischargeable pursuant to 11 U.S.C. § 523(a)(3) and (4).  Plaintiffs' complaint alleged, *inter alia*, that they had entered into a residential lease with the Defendant-landlord and had given to Defendant a security deposit in the amount of $2,000.00.  Upon vacating the apartment, the Defendant had refused to return said deposit to the Plaintiffs.  Plaintiffs moved for, and this Court granted, relief from the automatic stay to enable the Plaintiffs to continue with the litigation previously instituted in the County Court of Monroe County, Florida.

Following the filing of the adversary proceeding, Defendant filed a Motion to Enlarge Time to Respond to the Complaint [C.P. 7] on February 2, 2010, which Motion was granted and the Defendant was given until February 26, 2010 to respond. On March 1, 2010, Defendant filed a Motion to Dismiss Adversary Proceeding [C.P. 10] which, following a hearing, this Court denied on April 7, 2010. In the Order Denying Motion to Dismiss Adversary Proceeding [C.P. 18], this Court specifically ordered the Defendant to file an Answer to the Complaint within 10 days of the entry of said Order. The Pretrial Conference was also rescheduled for May 17, 2010.

The deadline for the Defendant to file an Answer expired on April 19, 2010, but no answer was filed by the Defendant. On April 21, 2010, Plaintiffs filed a Verified Motion for Default [C.P. 26]. The Clerk of the Court entered a Default against the Defendant on April 22, 2010 [C.P. 27] and this Court entered an Order granting Plaintiffs' Verified Motion on April 23, 2010 [C.P. 29]. Not only did the Clerk of the Court mail a copy of the Default to the Defendant, but counsel for Plaintiffs sent, and filed a Certificate of Service for, the Court's Order to Defendant. On April 30, 2010, Plaintiffs' filed a Motion for Default Final Judgment against Defendant [C.P. 32], which motion was granted and a Judgment was entered on May 3, 2010.

Only after the entry of the Final Judgment did the Defendant file her instant Motion to Vacate Default. The Court specifically notes that the Motion to Vacate Default did not have attached thereto an answer. The Motion to Vacate merely stated that Defendant is proceeding *pro se* and "miscalendared" the date by which she was to file an answer to the Complaint. The Defendant stated that her error was not intentional and that Plaintiffs will not be prejudiced by vacating the Default and Final Judgment.

3

**DISCUSSION**

Relief from a judgment of the Bankruptcy Court is governed by Fed. R. Civ. P. 60, which applies in cases under Title 11 pursuant to Fed. R. Bankr. P. 9024. Rule 60(b) permits a court, upon motion and just terms, to relieve a party from a final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The issue of what constitutes "excusable neglect" as contemplated by the Federal Rules of Civil Procedure was considered at length by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).

In *Pioneer*, the Court held that the bankruptcy court could accept a proof of claim filed after the claims bar date where the tardiness was a result of excusable neglect and that the standard for excusable neglect did not require a strict showing that the movant's failure to comply with the deadline was caused by circumstances beyond its control, but rather, that it is to be an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Factors indicative of excusable neglect include the danger of prejudice to the non-moving party, the length of the delay, and the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted with good faith. *Id.*

Importantly, when assessing the culpability of movant's negligence in missing the claims bar date in *Pioneer*, the Court attributed at least some of the blame to the "peculiar and inconspicuous placement of the bar date in the notice" and noted that the bar date should have been "prominently announced." *Id.* at 398. No analogous reason for the Defendant's negligence has been presented in this case.

In the instant case, approximately five months have elapsed from the date of the filing of the Complaint and the Defendant has just now attempted to file an answer. While the Defendant has claimed that she simply "miscalendared" the deadline by which this Court required her to file an answer, she failed to file her Motion to Vacate until after the entry of the Final Judgment, and then the Motion to Vacate did not even include a proposed answer. The answer was not filed until May 20, 2010, more than one month after the deadline to file expired and nearly five months after the Complaint was initially filed on December 29, 2009. There was no prompt and remedial action, contrary to Defendant's assertions in her memorandum.

The Defendant claimed at the hearing that she had not received timely notice of this Court's Order Denying the Motion to Dismiss, but the Plaintiffs' Affidavit in Opposition to the Motion to Vacate [C.P. 45] attests that a copy of the Court's Order requiring Defendant to file an answer within 10 days was faxed to the Defendant on April 8, 2010. Although representing herself *pro se*, Defendant is a licensed attorney, albeit one who does not practice law, who should be held to a higher standard. "A client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference." *Pioneer* at 396 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626). If clients may be held liable for their attorney's failure to meet deadlines and comport procedurally, then an attorney representing herself should similarly be held accountable for missing deadlines.

The prompt and timely adjudication of the bankruptcy case is the goal of Chapter 7 proceedings. However, it appears that Defendant has made little or no effort to move forward with the adjudication of this bankruptcy proceeding, except to protest this Court's default final judgment that simply allows Plaintiffs to proceed to determine whether they have a claim for the security

5

deposit in a state court proceeding. If the Defendant prevails and persuades the state court that she owes no security deposit to the Plaintiffs and no judgment is entered in that state court action, then this default judgment is moot and of no effect.

While *Pioneer* adopted a more flexible understanding of excusable neglect, the Supreme Court noted the differing policies underlying Chapter 7 and Chapter 11 bankruptcy cases. The aim in Chapter 7 is the "prompt closure and distribution of the debtor's estate." *Id.* at 389. In this case, the Defendant has delayed filing an answer for nearly five months since inception. Yet, at its core, the case involves a debt of $2,000. The Court is unable to find that the policy of a "prompt closure and distribution" has been fulfilled by the Defendant's actions, or lack thereof, to date. Defendant's Motion to Vacate, while alleging mistake, has failed to demonstrate any justifiable reason for the delay, which was entirely within the Defendant's control, nor has she demonstrated good faith in moving to remedy said delay. Accordingly, for the reasons stated above, it is

**ORDERED AND ADJUDGED** that:

1. The Motion to Vacate is **DENIED**;

2. The Final Judgment entered in this case on May 3, 2010 shall remain in full force and effect.

3. The Court reserves jurisdiction to interpret and enforce the terms of this Order.

###

Copies furnished to:

Brian P. Yates, Esq.
Sapurstein & Bloch, P.A.
9700 South Dixie Highway, Suite 1000
Miami, Florida 33156
(305) 670-9500

(Attorney Yates is directed to serve a copy of this order on all interested parties and file a certificate of service).